NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 16 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

NHUONG VAN NGUYEN,

Plaintiff-Appellant,

v.

JACKSON LUCKY; et al.,

Defendants-Appellees.

No.    17-56701

D.C. No. 5:17-cv-01752-JGB-KK

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
Jesus G. Bernal, District Judge, Presiding

Submitted April 11, 2018**

Before:    SILVERMAN, PAEZ, and OWENS, Circuit Judges.

Nhuong Van Nguyen appeals pro se from the district court's judgment

dismissing his action arising from a state court family law action.  We have

jurisdiction under 28 U.S.C. § 1291.  We review de novo a district court's

dismissal under the *Rooker–Feldman* doctrine.  *Noel v. Hall*, 341 F.3d 1148, 1154

---

\*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

(9th Cir. 2003).  We affirm.

The district court properly dismissed Nguyen's action as barred by the

*Rooker–Feldman* doctrine because the complaint attacks a determination in

Nguyen's prior state court case.  *See id.* at 1155-57 (*Rooker–Feldman* doctrine bars

de facto appeals of a state court decision).  Contrary to Nguyen's contention that he

has alleged "fraud upon the court," the district court properly concluded that

Nguyen did not allege facts showing that an adverse party committed an extrinsic

fraud on the state court.  *See Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1140-41

(9th Cir. 2004) (defining extrinsic fraud, and recognizing that the *Rooker–Feldman*

doctrine does not apply if extrinsic fraud prevented a party from presenting his or

her claim in state court).

**AFFIRMED.**